United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning. This is Judge Wilson in Tampa, Judge Lagoa is in Miami, and Judge Brasher is in I would advise counsel that we have read the briefs and we have examined the relevant parts of the record. If that will assist you in narrowing the focus of your arguments for the time that you have available for your arguments. Miss Tisa is the courtroom deputy and she will serve as the timekeeper and she will give you a two-minute warning when your time to argue is about to expire and she will also let you know when your time has expired. So it looks like we are ready to proceed this morning. First appeal is Richard Michael Morris versus the Secretary of the Florida Department of Corrections. Janice Bergman is here for will be interpreting. And Miss Bergman, are you ready to proceed with your argument? Yes, your honor. May it please the court, Assistant Federal Public Defender Janice Bergman on behalf of Petitioner Appellant Richard Morris. Because of the nature of this case, the district court's decision and the briefs before this court refer to myriad state court pleadings and the dates associated with those pleadings. But the parties and the district court all agree as to the date of the filings that are relevant to the statute of limitations issued before this court. Where the parties differ is as to the legal implications of two of those filings. So I'd like to focus the court's attention there. The first of these critical filings is Mr. Morris's initial rule 3.850 motion, which was filed on October 17th, 2012. The trial court found that motion difficult to interpret and for other reasons dismissed it without prejudice, but also granted Mr. Morris leave to amend. And that leads us to the second critical filing in this appeal, the amended rule 3.850 motion that Mr. Morris filed on May 15th, 2013. If the time period between the trial court's dismissal of the initial rule 3.850 motion and filing of the amended motion is told, then the federal petition is timely. The district court found that this time period was not told, but Mr. Morris submits that under the line of this court's precedent combined of Green versus Secretary Hall versus Secretary and Bates versus Secretary, this time period was told and the petition is timely. Whether the initial rule 3.850 motion tolls the limitations clock turns on whether the motion was properly filed under 28 U.S.C. 2244 D2. In Green, Hall, and Bates, this court recognized that when state law, I'm sorry, recognized that state law controls whether a state post-conviction motion is properly filed. And those cases recognize further that under Florida law, when a post-conviction motion is stricken with leave to amend, the amended motion relates back to the date of the original filing. In those cases, this is this is Judge Wilson. Let's assume that there was error in failing to apply the relation back doctrine set forth in those three cases that you mentioned, Green, Hall, and Bates. How do you get around the Florida Supreme Court's opinion in Spera versus Staton that requires that the amended motion that's going to relate back to the original motion has to be filed within a reasonable time? Well, yes, your honor. Spera does say that it that has to be filed within a reasonable time, but as this court recognized, there was another state court case, Nelson, and the court, this court quoted Nelson in Hall versus Secretary, where Nelson said that the trial court had discretion in determining the length of the district court's leave to amend, and Spera only suggested that 30 days would be reasonable. Wouldn't the court have discretion in this case to determine what a reasonable time would be? Yes, the trial court did have discretion to determine what a reasonable time would be, and it indeed did when it granted Mr. Morris's amended motion and found it expressly found it in both its decision dismissing the initial motion with leave to amend, and then when it granted leave to amend, it cited Spera and stated that the amended motion was indeed timely. I will also note that the state's response to the amended motion made no mention of the timeliness. It did not argue in any way before the trial court that the amended motion was untimely or that it was the state made no argument that it should be dismissed as untimely. Let me ask you a question, a hypothetical. So I think the point that you just made is a compelling point in this particular case, but what if the state court had set a deadline? So the state court had said, you need to amend, file your amendment within 45 days, and then the petitioner had not done that, but had filed it on 46, day 46, right? And I mean, I was a district court judge. I mean, this is the typical trial court judge would say, look, you filed it one day late. I'm going to consider it anyway, right? It wasn't timely, but I'm going to consider it. What then? What would happen then? Well, what's interesting about this case is it's actually kind of on a cusp of a change in Florida law that was going on. Prior to Spera, the Florida Supreme Court had held that a rule 3850 motion could be amended at any time prior to the trial court's ruling, so long as the amended motion was filed within the two-year statute of limitations that you have for such motions under Florida law. And Spera, if you read Spera very carefully, Spera didn't really upset that rule. It cited that rule, which was established in a case called Gaskins v. State. The issue in Spera was actually really what happens to folks who file their initial motion before the two-year deadline. The two-year deadline runs, and then they file an amended motion after the two-year deadline. And Spera was worried about people who fell within that gap. And so that's why Spera established this 30-day reasonable time period. And I will also note that after Spera, Florida amended Rule 3.850, actually in July of 2002, and I apologize this wasn't mentioned in the briefs, it establishes that if a timely but insufficient motion is filed, the trial court must allow at least 60 days to file an amended motion. But if the amended motion isn't filed within that 60 days, the statute says the court in its discretion may permit the defendant an additional opportunity to amend. So I guess the point of my question, which you didn't answer, by the way, is isn't there some... I mean, so we're not just applying Florida law here, right? We're applying a federal statute. So don't we at some level, maybe not in your case, but in some case, we would have to say, look, in this situation, there was no timely or no properly filed matter pending in a Florida court. And so the hypothetical that I raise is maybe in that situation would be one where we would say, even if the Florida state court said, you know what, I'm going to consider this. It wasn't, you know, it didn't meet my order, it was filed late. It seems like there's some level at which we would have to say we're not just going to look at what the Florida state courts did. What do you think about that? I agree, Your Honor, that whether a motion, a state motion is properly filed is a question of the AEDPA and this court's precedents, the court defers to state court determinations of timeliness. The court stated that in Webster versus Moore, that if a state court, honestly, if the state trial court had found this amended motion to be untimely, the court would defer to that. And the same should be true with respect to the state court's determination that it is timely. I mean, the whole point of the Antiterrorism and Effective Death Penalty Act was deference to that's especially true with respect to state court procedural decisions. And so in Webster versus Moore, as I said, this court stated that the court should defer to state court determinations of timeliness. And here, the state trial court determined the amended motion was timely, it did so expressly, and the court should defer to that and afford the respect to the state court's decisions that the AEDPA requires. So I guess your answer to my hypothetical, correct me if I'm wrong, would be if the state court allowed, you know, so the state court says file within 30 days, that's not what happens. The petitioner files a motion to amend in 50 days. If the state court said, look, this was not timely, but I'm going to consider it anyway, then we would be bound by that. And we would say it an alternative ruling on timeliness. Thank you, Stephanie. This court, my understanding is that this court would be bound by the alternative decision of untimeliness, even if the trial court had reached the merits and would find that the motion was therefore not properly filed under 2244 D2. Let me, let me ask one more. And so I think that's right. I think that's right. So what if a state court just didn't say anything? What if a state court said, look, you filed, you know, look, you filed this a year and a half after I dismissed without prejudice. I mean, whatever, just use your own hypothetical. And the state court just doesn't say anything about timeliness and just rocks along and says, I'm just denying it on the merits. Would we be in a position there to say that nothing was pending, even though the state court went back and addressed the merits of it? I'm not entirely sure, Your Honor. I haven't confronted that situation, but I would think that if the trial court didn't make an express ruling on the timeliness, but instead went forward and reached the merits that this court would have to presume that the trial court had acted in its discretion to find it timely. But I'm not entirely sure, to be honest, Your Honor. All right, Ms. Bergman, you have reserved some time for rebuttal. Thank you, Your Honor. All right, Ms. Germanowicz, you may proceed. Good morning, Your Honor, and may it please the court. My name is Janine Germanowicz. I'm here to represent the Florida Department of Corrections in this matter. Of course, it's our position that there's no need to remand the case to the district court for further proceedings. And before we segue into the issue of the juror, which is the issue of timeliness, I'd just like to point out that the magistrate judge and the district court judge both look, they said even if we assume that it's timely, there would not be entitled to any relief on any of the issues that he raised in his petition. And therefore, there's no need to go any further with this case in that sense. Okay, now moving on to the issue of timeliness, of course, that, for example, Hall said that, you know, if a petition or a motion, 3850 motion has been filed and it has been denied without prejudice, that motion remains pending up until it is denied without, it is denied with prejudice. So if you take Hall to a logical extreme, you can have 3850 motion being filed, a shell motion being filed by a defendant with securing the note and the knowledge that when a judgment without prejudice would lead to a remand, you can then file an amended motion at any time, even 10 years down the road, which I've had that happen in other cases. And under Hall, under Green, it would be considered to be tolling the statute of limitations, even if it was not timely under Florida law, having been filed outside the two-year time limitations set by Rule 3850. Now, the issue of timeliness under Florida law should be considered separately from the issue of tolling under federal law and the main example of that, cases that are cited in the brief that say that if a defendant files his first tolling motion, if he attempts to file his first tolling motion one year and one day after his conviction has become final, that tolling motion is timely under Florida law because Florida law permits that defendant two years to file his 3850 motion, but under federal law, it is not tolled at times because it was filed outside the federal one-year statute of limitations. Now, what we're saying here... Let me ask a question. Let me ask a question. I think you're right that there is a difference between what Florida law allows and what federal law allows, but it seems like here we have a Florida state court specifically saying that the amendment is timely and under this circumstance, it seems like federal law would have to defer to what the Florida court said about it, so what do you say about that specific finding by the Florida court that it was timely? I think the whole point of what I was just trying to argue is that the fact that something may be timely under state law does not mean that it's tolled at times for federal purposes and shouldn't be considered to toll time. Now, in this case, the court that denies the original motion would leave to amend. They have discretion to set a time for that amendment, but if they don't set a time for that amendment, we will consider the reasonable time for that amendment to be 30 days. Now, if the defendant did not file that motion within 30 days, then we submit that that motion should be considered to be a wholly separate motion from the original motion such that the time in between should not be tolled, and let me point out the fact to you that the defendant filed an original motion in this particular case where he filed nine, I'm sorry, 10 issues for health permission relief. He raised 10 issues in that motion, but then he raised and he filed an amended motion six and a half months later, and in that amended motion, he raised 13 issues, and what's interesting is he dropped some of the original issues that he raised in his original motion, and he added new issues, so we essentially end up with seven new issues in that amended motion. This is another reason why that amended motion should not be considered to relate back to the original motion. We're saying that if you don't file your motion within a reasonable time period as specified by the trial court's order, or as specified by Shpira, then that motion should not be considered to toll. It should be considered a completely separate motion. Now, if you look at Hall and Green and Faith, what's interesting is they all fall within the 30-day time period specified by Shpira. In other words, they were all filed within, that amended motion was filed within that 30 days, so, you know, if you know that statement in Hall which says that once that motion is dismissed without prejudice, they remain pending forever and ever. If you know that they remain pending within a reasonable time, that did not do violence to Hall and Green and Faith the results of those cases because they all fell within a reasonable time period as specified by Shpira, and so, therefore, there is no issue in that sense. So, it's urging that the court consider the time period not to have been tolled between the original motion and the amended motion. Does anybody have any questions on this matter? Yes, yes. So, what if the, so your argument is about the reasonable time, which is 30 days under Florida law, presumptively, but couldn't the trial court here have said just file it when you get around to it? Couldn't he have just put that in his order? And if he had done that, then this would have been timely. I mean, what if he had just said, look, file it within the next 12 months? I mean, wouldn't we be bound by that just as much as we're bound by his conclusion that it was timely, even though he didn't put a specific date in his order? That would be permissible, and the reason that would be permissible is because he had a time limit on it. He said 12 months to file that motion. If he specifically says in his order you have 12 months to file that motion, then the time is tolled for that 12 months. What if he had just said, we have the issue with the question of whether the time is tolled indefinitely, forever and ever after, and that's the issue that we have a problem with in Poland. Yeah. What about a rule? So when I was talking with opposing counsel, what about a rule that says that the key issue here is that the state court found this to be timely, but unless if the state court doesn't find it to be timely, then we're not going to find it timely, right? So in the hypothetical that I suggested to opposing counsel, I said, assume that the trial court just allowed him to file it, but never made a finding of whether it was timely or not. If we adopted a rule that said under that circumstance, there would be no tolling, wouldn't that solve the problem that you're suggesting exists where you could just toll the federal statute forever? No, I think I'm going to have to ask you to restate the question because I think I might have missed something. Would you mind? Sure. Yeah. So the gist of what I'm saying is in this case, the state court specifically said this amendment is timely. Yeah. If my proposed rule is that in that circumstance, there is tolling, but if a state court didn't say that it was timely or, you know, it wasn't timely on the, on sort of an order that had been filed that had set a deadline in the state court that we would not toll in that circumstance, because the state court said it was timely, we do toll. If that's the rule, doesn't that solve your problem about indefinite tolling that would happen in state courts? Well, keep in mind that again, timely notice for state court purposes is not necessarily a timely notice of tolling for federal court purposes. Again, you can have a timely filed state court motion that is filed outside the one year statute of limitations and does not toll the time. So even if a state court pronounces something to be timely, that does not mean that it tolls the time for federal avius purposes. So that is our position on this matter. What you have to do is look at what a reasonable time period in this case would be for the defendant to have filed an amended 3850 motion. But so, but that, so your argument seems inconsistent to me because you're asking us to look at Florida's state law to determine when you get to amend and relate back. And you're arguing, but at the same time, you're arguing that state law does not dispositive of that question. So which is it? Well, again, the reason why we're saying that state law is not dispositive, what we are saying is that there's two different issues going on here. There's an issue of timely notice for state law purposes. And then there's an issue of tolling for federal purposes. And what we're saying is that the state law statements ingrained on these law statements and how the time is tolled forever after seem to be contrary to the spirit and purpose of the AEGPA, which is to put a one year statute of limitations on offense. Have I answered your question? Yes. One final question, because I think that's an important point you make about the spirit of AEDPA, the AEDPA, but isn't also part of the AEDPA, the idea that matters should be litigated primarily in state court and not in federal court. And doesn't that suggest that we should allow the Florida courts to do basically whatever they want to, to determine whether these claims should be, you know, to litigate the merits of these claims before federal courts get involved? That's true. But if that was the case, then the federal court would acknowledge that law gives defendants two years to file a 3850 and that two year motion is timely, even though it doesn't toll for federal purposes under federal law. So, so your reading of the state court's order is that when it said this amended petition is timely, it just meant it was within Florida's state statute of limitations, that that's what it meant. Yeah. Okay. Are there any other questions? I think we have your argument, Ms. Germanowicz. Thank you. Thank you very much. And Ms. Bergman, you have reserved some time for rebuttal. Yes, your honor. First, I want to respond to the state's argument regarding the fact that the district court denied, somehow denied Mr. Morris's petition on the merits in addition for timeliness reasons. And I would state that I disagree with that characterization of the district court's order. The district court stated expressly that the petition was dismissed as time barred. There was no alternative ruling on the merits. And the magistrate judge's report that the district court adopted said that since the habeas corpus petition was untimely, his claims are now time barred and quote, should not be considered on the merits. And so in this case, I would submit that there's no alternative ruling on the merits. The magistrate judge did mention the merits in passing on ruling on the equitable tolling issue that was brought up in the district court as to whether or not based on the merits, Mr. Morris could demonstrate a fundamental miscarriage of justice. But I would submit that there was no alternative ruling on the merits here. And the only issue before the court is the timeliness of the petition itself. With respect to the state's arguments that there's a risk of state court proceedings going on indefinitely, and therefore federal habeas corpus proceedings also going on indefinitely, I would note that the federal limitations period also comes into play and would preclude that from happening. I mean, what happened here critically was that Mr. Morris filed his amended motion while there was still time left on the federal limitations period. And so it's distinguished from other cases that this court has decided, such as Melson and Sibley. In those cases, the amended state motion was filed after the federal limitations period had run, and therefore those petitions did not relate back and did not tell the time they were not properly filed, they were not pending, and the limitations period ran. Here, Mr. Morris filed his amended motion while there was still time left on the federal limitations period. And for that reason, the state's ruling that it was timely allows the my memory is also in Hall and Green and Bates. And so the concerns that the state has about these proceedings going on indefinitely is not true, because at some point the one-year federal limitations period will run out. So your position, just to make sure I understand you, so your position is basically, if I file, I'm a petitioner, I file a motion, it's dismissed, and then I wait a year and a half to file an amendment, even if a state court says, well, that's timely, there was nothing pending during that time period, that's what you're saying? That's what Melson and Sibley say, or that's what this court said in prior decisions. So that's the backstop then that the state says that we need to have, that would be what you would say, that that's a backstop? Yes, your honor, as long as he doesn't have any other state post-conviction proceedings that are independently tolling the time period because they were properly filed and remain pending. That's correct. And there was a 3.800 motion that was filed in the interim between the time of the first denial? That's correct, your honor, that motion was properly filed, that was filed in February of 2013, and Mr. Morris did not file his amended rule 3.850 until May of that year, but the 3.800 did toll the time until the proceedings on that motion were completed as well. I think we have your argument, Ms. Bergman, thank you. Thank you.